UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| S L C HOSPITALITY L L C ET AL | CASE NO. 2:21-CV-04093 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| PALOMAR SPECIALTY INSURANCE CO | MAGISTRATE JUDGE KAY |

<u>MEMORANDUM RULING</u>

Before the court is a Motion to Dismiss or, in the alternative, Motion to Transfer Case [doc. 10] filed by defendant Palomar Specialty Insurance Company under, respectively, Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a). Plaintiffs Pride Management Inc. and SLC Hospitality LLC oppose the motion. Doc. 13.

**I.**
**BACKGROUND**

This suit arises from a first-party insurance dispute following property damage incurred by plaintiff in Hurricane Laura, in August 2020. Plaintiffs own a hotel in Lake Charles, Louisiana, which was insured at all relative times under a commercial policy issued by defendant Palomar Specialty Insurance Company ("Palomar"). Plaintiffs allege that Palomar failed to timely and adequately adjust their claim and compensate them for losses following Hurricane Laura. They filed suit in this court on November 30, 2021, raising claims of breach of insurance contract and bad faith under Louisiana law. Doc. 1.

Palomar now moves for dismissal of the suit for improper venue or transfer of the case, arguing that the communications and coverage decisions regarding the policy were

made from Beaumont, Texas, where plaintiff Pride Management Inc. also has its principal place of business, and California. Doc. 10. Palomar maintains that, "[a]lthough the hurricane damages purportedly occurred in Lake Charles, Louisiana, that fact has no bearing on any coverage issues in this coverage lawsuit" and that venue is instead proper in the Eastern District of Texas. *Id.* at 6. Plaintiffs oppose the motions, arguing that the location of the covered property and the disputed damages provide an adequate basis for venue in this court. Doc. 13.

## II.
## LAW & APPLICATION

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(3) allows for dismissal of a complaint based on improper venue. There is a split in authority among Fifth Circuit courts as to which party bears the burden on such a motion, but the majority place it with the plaintiff. *Lawson v. U.S. Dep't of Justice*, 527 F.Supp.3d 894, 896 (N.D. Tex. 2021). The court accepts as true the well-pleaded allegations in the complaint and resolves all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007). The court may also consider extrinsic evidence, however, and resolve disputed issues of fact in order to determine whether plaintiff has carried his burden. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009).

The federal venue statute provides, in relevant part:

**(b) Venue in general.**—A civil action may be brought in:
(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

Here the dispute centers on § 1391(b)(2). Palomar asserts that plaintiffs cannot meet their burden of showing that venue is proper in this court. To this end it notes that courts have found that "the 'pivotal issue in a declaratory judgment action is the interpretation of an insurance policy between the parties' and therefore the place of negotiation and execution of the policy is the locus of operative facts for purposes of venue." Doc. 10, pp. 9–10 (quoting *AVEMCO Ins. Co. v. GSV Holding Corp.*, 1997 WL 566149, at *6 (S.D.N.Y. Sep. 11, 1997)). It also cites *Clarendon National Insurance Company v. TMI Enterprises, LLC*, 2008 WL 3838025 (W.D. La. Aug. 14, 2008), where the court found that venue was proper in this district for a declaratory judgment action arising out of a toxic tort that occurred within a different judicial district. There the court observed that the policy was issued from the Western District of Louisiana and that coverage decisions and claims handling activities were also made in this district. *Id.* at *2. It also noted that several cases, including an unreported decision from the Fifth Circuit, had found venue proper in the policy-issuing district under similar circumstances. *Id.* (citing *Am. Motorists Ins. Co. v. Cellstar Corp.*, 61 F. App'x 119 (5th Cir. 2003)).

As plaintiffs point out, however, the dispute here does not center on a coverage dispute but rather on a dispute over the amount of damages. In construing plaintiff's

allegations, the court may embrace a more "holistic" approach, considering events connected to the claim though not in dispute. *RLI Ins. Co. v. Caliente Oil, Inc.*, 2018 WL 11272846, at *5 (W.D. Tex. Aug. 21, 2018); *see Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38 (1st Cir. 2001) (considering the undisputed sinking of a yacht in Puerto Rico to provide venue in that district for subsequent litigation over the insurance claim). Plaintiffs' allegations show that the hurricane damage is a "substantial part" of the facts giving rise to their claims. Accordingly, the motion to dismiss will be denied.

### B. Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."[1] 28 U.S.C. § 1404(a). The defendant bears the burden of showing that a transfer is warranted. *Pateet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). It is required to show good cause supporting the transfer, meaning that it "must satisfy the statutory requirements and clearly demonstrate that a transfer is for the convenience of parties and witnesses, in the interest of justice." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). In deciding whether a transfer is warranted, the court must consider: (1) the relative ease of access to sources of proof, (2) the availability of compulsory process to secure the attendance of witnesses, (3) the cost of obtaining attendance of witnesses, (4) other practical problems that make trial of a case easy, expeditious, and inexpensive, (5) administrative difficulties flowing from court congestion, (6) local interest in having

---

[1] Palomar brought its motion under 28 U.S.C. § 1406(a), which provides for dismissal or transfer of cases "laying venue in the wrong division or district." 28 U.S.C. § 1406(a). Because venue is proper in this case, § 1406(a) does not apply and the court instead considers the motion under § 1404(a).

localized issues decided at home, (7) familiarity of the forum with the law that will govern the case, and (8) avoidance of conflicts of laws. *Id.* However, these factors "are not necessarily exhaustive or exclusive" and none carries dispositive weight. *Id.* Additionally, "courts should not transfer a case if the only practical effect is to shift inconvenience from the moving party to the nonmoving party." *Spielberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786, 789 (S.D. Tex. 2005) (internal quotations omitted).

Assuming *arguendo* that the Eastern District of Texas is a proper venue for this case, the court finds no basis for concluding that it is a more convenient venue. As plaintiffs point out, a number of potential witnesses and important sources of proof are within this state. Additionally, this court has in place a Case Management Order designed to expeditiously process cases arising from Hurricane Laura. The streamlined settlement process put in place under this order has already seen over a thousand cases to resolution without trial and some of the expenses required by ordinary civil litigation. Accordingly, there is no basis for transferring the case.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss and Motion to Transfer [doc. 10] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on this 8th day of March, 2022.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**